FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

2008 JUL 30 ℙ 5: 05

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| WIAV SOLUTIONS, L.L.C., <br> a Virginia company ) <br> ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RESEARCH IN MOTION, LTD., ) <br> a Canadian company; ) <br> ) <br> RESEARCH IN MOTION CORP., ) <br> a Delaware company; ) <br> ) <br> PALM, INC., ) <br> a Delaware company; ) <br> ) <br> APPLE, INC., ) <br> a California company; ) <br> ) <br> ) <br> Defendants, and ) <br> ) <br> MINDSPEED TECHNOLOGIES, INC., ) <br> a Delaware company, <br><br> Defendant Patent Owner. | C.A. NO. 3:08CV 485 <br> REP <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

1.     Plaintiff WiAV Solutions, L.L.C. ("WiAV" or "Plaintiff"), by and through

its attorneys, hereby demands a jury trial and complains of Defendants Research in

Motion, Ltd., Research in Motion Corp., Palm, Inc., and Apple, Inc. (collectively

"Defendants") as set forth below.  Mindspeed Technologies, Inc. ("Mindspeed") is named

as a party to this litigation and denominated as a defendant patent owner.

Dockets.Justia.com

## NATURE OF THE ACTION

2.        This is an action for patent infringement arising under the patent laws of

the United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from

Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the

United States for subsequent use or sale of products, methods, processes, services and/or

systems that infringe one or more claims of United States Patent No. 6,256,606 ("the '606

Patent"), entitled "Silence description coding for multi-rate speech codecs," United States

Patent No. 7,120,578 ("the '578 Patent"), entitled "Silence description coding for multi-

rate speech codecs," United States Patent No. 6,275,794 ("the '794 Patent"), entitled

"System for detecting voice activity and background noise/silence in a speech signal

using pitch and signal to noise ratio information," United States Patent No. 6,507,814

("the '814 Patent"), entitled "Pitch determination using speech classification and prior

pitch estimation," United States Patent No. 7,266,493 ("the '493 Patent"), entitled "Pitch

determination based on weighting of pitch lag candidates," United States Patent No.

6,633,841 ("the '841 Patent"), entitled "Voice activity detection speech coding to

accommodate music signals," United States Patent No. 6,104,992 ("the '992 Patent"),

entitled "Adaptive gain reduction to produce fixed codebook target signal," United States

Patent No. 6,385,573 ("the '573 Patent"), entitled "Adaptive tilt compensation for

synthesized speech residual," United States Patent No. 6,539,205 ("the '205 Patent"),

entitled "Traffic channel quality estimation from a digital control channel," and United

States Patent No. 6,680,920 ("the '920 Patent"), entitled "Power management system for

a mobile station" (collectively the "Patents-in-Suit").  Plaintiff seeks injunctive relief to

prevent Defendants from continuing to infringe the Patents-in-Suit.  In addition, Plaintiff

seeks a recovery of monetary damages resulting from Defendants' past infringement of these patents.

3.      This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that operate using Global System for Mobile ("GSM") communications and/or that utilize one or more Adaptive Multi-Rate ("AMR") voice characterization and/or compression codecs.

## THE PARTIES

4.      Plaintiff WiAV is a limited liability company organized under the laws of Virginia with its principal place of business at 8133 Leesburg Pike, Suite 640, Vienna, VA 22182 in the judicial district of the Eastern District of Virginia.

5.      Plaintiff WiAV is the lawful assignee of all right, title and interest in and to the '205 Patent, and the '920 Patent.

6.      Defendant Patent Owner Mindspeed is a Delaware corporation with its principal place of business at 4000 MacArthur Blvd., East Tower, Newport Beach, CA 92660.

7.      Mindspeed is the lawful assignee of all right, title and interest in and to the '606 Patent, the '578 Patent, the '794 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent.

8.      As a result of the foregoing, Mindspeed has an interest in the outcome of this litigation, is subject to personal jurisdiction in this Court and is a proper party to this action as either a plaintiff, defendant or involuntary plaintiff, whichever designation is deemed appropriate by the Court.

-3-

9.     Plaintiff WiAV is an exclusive licensee of the '606 Patent, the '578 Patent, the '794 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent. Pursuant to WiAV's license, WiAV has the right to bring suit for infringement of the '606 Patent, the '578 Patent, the '794 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent.

10.     Defendant Research in Motion, Ltd. ("RIM") is an Ontario, Canada corporation with its principal offices at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8. RIM makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe the Patents-In-Suit.

11.     Defendant Research in Motion Corp. ("RIM Corp.") is a corporation organized under the laws of the state of Delaware, with its principal place of business at 122 West John Carpenter Parkway, Irving, TX 75039. RIM Corp. makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe the Patents-In-Suit.

12.     Defendant Palm, Inc. ("Palm") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 950 West Maude Avenue, Sunnydale, CA 94085. Palm makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe the Patents-In-Suit.

13.     Defendant Apple, Inc. ("Apple") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014. Apple makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe the Patents-In-Suit.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia because they regularly transacts business in this judicial district and division by, among other things, offering their products and services to customers, business affiliates and partners located in this judicial district and division. In addition, the Defendants have committed acts of direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of one or more of the Patents-In-Suit in this judicial district and division.

16. Defendant Patent Owner Mindspeed is subject to personal jurisdiction in this Court by virtue of its business dealings with WiAV, a Virginia company.

17. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district, and have committed acts of infringement in this district and Defendant Patent Owner Mindspeed is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

18. The Patents-In-Suit are directed to various aspects of encoding and decoding of signals and signal transmission.

19. The first patent in suit, the '606 Patent, was duly and legally issued on July 3, 2001.

20. The second patent in suit, the '578 Patent, was duly and legally issued on October 10, 2006.

21.     The third patent in suit, the '794 Patent, was duly and legally issued on August 14, 2001.

22.     The fourth patent in suit, the '814 Patent, was duly and legally issued on January 14, 2003.

23.     The fifth patent in suit, the '493 Patent, was duly and legally issued on September 4, 2007.

24.     The sixth patent in suit, the '841 Patent, was duly and legally issued on October 14, 2003.

25.     The seventh patent in suit, the '992 Patent, was duly and legally issued on August 15, 2000.

26.     The eighth patent in suit, the '573 Patent, was duly and legally issued on May 7, 2002.

27.     The ninth patent in suit, the '205 Patent, was duly and legally issued on March 25, 2003.

28.     The tenth patent in suit, the '920 Patent, was duly and legally issued on January 20, 2004.

**Defendants' Products and Processes Infringe The Patents-In-Suit**

29.     Defendants market, make, use, sell, offer for sale and/or import products and services that directly infringe, contributorily infringe and/or induce others to infringe, or are used to practice processes that infringe, one or more claims of the Patents-In-Suit. The Defendants' infringing products and services include, without limitation, products that operate according to the GSM standard and/or use AMR encoding and/or decoding.

### Plaintiff Has Been Irreparably Harmed
### by Defendants' Continued Infringement

30.     Plaintiff has been irreparably harmed by Defendants' infringement of its valuable patent rights.  Moreover, Defendants' unauthorized, infringing use of systems and methods covered by the Patents-in-Suit has threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

31.     Defendants' disregard for Plaintiff's property rights similarly threatens Plaintiff's relationships with potential licensees of this intellectual property.  Defendants will derive a competitive advantage over any of Plaintiff's future licensees from using Plaintiff's patented technology without paying compensation for such use.  Accordingly, unless and until Defendants' continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

### COUNT I

### (Infringement of United States Patent No. 6,256,606)

32.     Paragraphs 1 through 31 are incorporated by reference as if fully restated herein.

33.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '606 Patent.  Plaintiff WiAV is the exclusive licensee of the '606 Patent. The '606 Patent is attached as Exhibit 1 hereto.

34.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe,

directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '606 Patent.

35.     Defendants have been and continue infringing one or more of the claims of the '606 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

36.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT II

### (Willful Patent Infringement of United States Patent No. 6,256,606)

37.     Paragraphs 1 through 36 are incorporated by reference as if fully restated herein.

38.     Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '606 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, Plaintiff is without adequate remedy at law. Plaintiff is entitled to recover damages adequate to compensate for the infringement of the '606 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

### (Infringement of United States Patent No. 7,120,578)

39. Paragraphs 1 through 38 are incorporated by reference as if fully restated herein.

40. Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '578 Patent. Plaintiff WiAV is the exclusive licensee of the '578 Patent. The '578 Patent is attached as Exhibit 2 hereto.

41. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '578 Patent.

42. Defendants have been and continue infringing one or more of the claims of the '578 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

43. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT IV

### (Willful Patent Infringement of United States Patent No. 7,120,578)

44. Paragraphs 1 through 43 are incorporated by reference as if fully restated herein.

45. Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '578 Patent, and unless Defendants are enjoined by this

Court, such acts of willful infringement by Defendants will continue. Therefore, Plaintiff is without adequate remedy at law. Plaintiff is entitled to recover damages adequate to compensate for the infringement of the '578 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT V**

**(Infringement of United States Patent No. 6,275,794)**

46.    Paragraphs 1 through 45 are incorporated by reference as if fully restated herein.

47.    Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '794 Patent. Plaintiff WiAV is the exclusive licensee of the '794 Patent. The '794 Patent is attached as Exhibit 3 hereto.

48.    Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '794 Patent.

49.    Defendants have been and continue infringing one or more of the claims of the '794 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

50.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT VI

### (Willful Patent Infringement of United States Patent No. 6,275,794)

51.     Paragraphs 1 through 50 are incorporated by reference as if fully restated herein.

52.     Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '794 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, Plaintiff is without adequate remedy at law. Plaintiff is entitled to recover damages adequate to compensate for the infringement of the '794 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VII

### (Infringement of United States Patent No. 6,507,814)

53.     Paragraphs 1 through 52 are incorporated by reference as if fully restated herein.

54.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '814 Patent. Plaintiff WiAV is the exclusive licensee of the '814 Patent. The '814 Patent is attached as Exhibit 4 hereto.

55.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make

-11-

use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '814 Patent.

56. Defendants have been and continue infringing one or more of the claims of the '814 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

57. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT VIII

### (Willful Patent Infringement of United States Patent No. 6,507,814)

58. Paragraphs 1 through 57 are incorporated by reference as if fully restated herein.

59. Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '814 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, Plaintiff is without adequate remedy at law. Plaintiff is entitled to recover damages adequate to compensate for the infringement of the '814 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IX

### (Infringement of United States Patent No. 7,266,493)

-12-

60.     Paragraphs 1 through 59 are incorporated by reference as if fully restated herein.

61.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '493 Patent. Plaintiff WiAV is the exclusive licensee of the '493 Patent. The '493 Patent is attached as Exhibit 5 hereto.

62.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '493 Patent.

63.     Defendants have been and continue infringing one or more of the claims of the '493 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

64.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT X

### (Willful Patent Infringement of United States Patent No. 7,266,493)

65.     Paragraphs 1 through 64 are incorporated by reference as if fully restated herein.

66.     Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '493 Patent, and unless Defendants are enjoined by this

Court, such acts of willful infringement by Defendants will continue. Therefore, Plaintiff is without adequate remedy at law. Plaintiff is entitled to recover damages adequate to compensate for the infringement of the '493 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XI

### (Infringement of United States Patent No. 6,633,841)

67.     Paragraphs 1 through 66 are incorporated by reference as if fully restated herein.

68.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '841 Patent. Plaintiff WiAV is the exclusive licensee of the '841 Patent. The '841 Patent is attached as Exhibit 6 hereto.

69.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '841 Patent.

70.     Defendants have been and continue infringing one or more of the claims of the '841 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

71.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT XII

### (Willful Patent Infringement of United States Patent No. 6,633,841)

72.     Paragraphs 1 through 71 are incorporated by reference as if fully restated herein.

73.     Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '841 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, Plaintiff is without adequate remedy at law. Plaintiff is entitled to recover damages adequate to compensate for the infringement of the '841 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XIII

### (Infringement of United States Patent No. 6,104,992)

74.     Paragraphs 1 through 73 are incorporated by reference as if fully restated herein.

75.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '992 Patent. Plaintiff WiAV is the exclusive licensee of the '992 Patent. The '992 Patent is attached as Exhibit 7 hereto.

76. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '992 Patent.

77. Defendants have been and continue infringing one or more of the claims of the '992 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

78. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT XIV

**(Willful Patent Infringement of United States Patent No. 6,104,992)**

79. Paragraphs 1 through 78 are incorporated by reference as if fully restated herein.

80. Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '992 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, Plaintiff is without adequate remedy at law. Plaintiff is entitled to recover damages adequate to compensate for the infringement of the '992 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XV

### (Infringement of United States Patent No. 6,385,573)

81.     Paragraphs 1 through 80 are incorporated by reference as if fully restated herein.

82.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '573 Patent. Plaintiff WiAV is the exclusive licensee of the '573 Patent. The '573 Patent is attached as Exhibit 8 hereto.

83.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '573 Patent.

84.     Defendants have been and continue infringing one or more of the claims of the '573 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

85.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT XVI

### (Willful Patent Infringement of United States Patent No. 6,385,573)

86.     Paragraphs 1 through 85 are incorporated by reference as if fully restated herein.

87.     Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '573 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, Plaintiff is without adequate remedy at law. Plaintiff is entitled to recover damages adequate to compensate for the infringement of the '573 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XVII

### (Infringement of United States Patent No. 6,539,205)

88.     Paragraphs 1 through 87 are incorporated by reference as if fully restated herein.

89.     Plaintiff WiAV is the assignee and lawful owner of all right, title and interest in and to the '205 Patent. The '205 Patent is attached as Exhibit 9 hereto.

90.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '205 Patent.

91.     Defendants have been and continue infringing one or more of the claims of the '205 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

92.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT XVIII

### (Willful Patent Infringement of United States Patent No. 6,539,205)

93.     Paragraphs 1 through 92 are incorporated by reference as if fully restated herein.

94.     Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '205 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.  Therefore, Plaintiff is without adequate remedy at law.  Plaintiff is entitled to recover damages adequate to compensate for the infringement of the '205 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XIX

### (Infringement of United States Patent No. 6,680,920)

95.     Paragraphs 1 through 94 are incorporated by reference as if fully restated herein.

96.     Plaintiff WiAV is the assignee and lawful owner of all right, title and interest in and to the '920 Patent. The '920 Patent is attached as Exhibit 10 hereto.

97.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '920 Patent.

98.     Defendants have been and continue infringing one or more of the claims of the '920 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

99.     Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT XX

### (Willful Patent Infringement of United States Patent No. 6,680,920)

100.     Paragraphs 1 through 99 are incorporated by reference as if fully restated herein.

101.     Defendants' infringement has been willful, deliberate and with knowledge of Plaintiff's rights under the '920 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, Plaintiff is without adequate remedy at law. Plaintiff is entitled to recover damages adequate to

compensate for the infringement of the '920 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XXI

### (Mindspeed Obligated to Be a Party)

102.     Paragraphs 1 through 101 are incorporated by reference as if fully restated herein.

103.     Mindspeed is the assignee of all right, title and interest in eight of the Patents-In-Suit and WiAV has an exclusive license under those eight patents. Mindspeed is therefore obligated, at least under principles of equity, to WiAV to participate as a party in this lawsuit. Mindspeed is unwilling to join the suit voluntarily. Plaintiff is entitled to have Mindspeed joined as a party as either a plaintiff, defendant or involuntary plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, granting Plaintiff the following relief:

A.     That this Court declare that Mindspeed is a proper party to this lawsuit.

B.     That this Court adjudge and decree that Defendants have infringed, directly and/or indirectly, the '606 Patent, the '578 Patent, the '794 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, the '573 Patent, the '205 Patent, and the '920 Patent;

C.     That this Court permanently enjoin Defendants, and its parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the Patents-In-Suit, or otherwise engaging in acts of infringement of the Patents-In-Suit, all as alleged herein;

D.     That this Court order an accounting to determine the damages to be awarded to Plaintiff as a result of Defendants' infringement;

E.     That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

F.     That this Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

G.     That this Court declare this case to be exceptional and direct Defendants to pay Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

H.     Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

_Bm Buroke_

Gregory N. Stillman (VSB # 14308)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, Virginia 23510-3889
(T) (757) 640-5300
(F) (757) 625-7720

Brian M. Buroker (VSB # 39581)
Yisun Song (VSB # 45881)
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

Maya M. Eckstein (VSB # 41413)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(T) (804) 788-8788
(F) (804) 788-8218

Daniel S. Carlineo
**CARLINEO MARKUS LLP**
1101 Pennsylvania Avenue, N.W.
6th Floor
Washington, DC 20004
(T) (202) 756-2287
(F) (202) 745-7323

Attorneys for Plaintiff WiAV Solutions, L.L.C.

Dated: July 30, 2008